[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff house building corporation brings this action to foreclose its mechanic's lien, and/or to recover sums due from the defendants, Halina and William Jewusiak[1] for the construction of a house for them. The defendants admit that there are sums due to the plaintiff from them for work performed in the construction of the house. They disagree as to the total amount due. Further, they contend that they presented the final payment to the plaintiff and it was refused. That this action then ensued by the plaintiff.
The factual basis for this action is a written contract (Exhibit A), Specification Sheet, (Exhibit B), plans and drawings (Exhibit J), plus written and oral change orders.
The plaintiff claims that the work performed and the materials incorporated into the building were in accordance with the written contract, and with written and oral change orders. That all were approved by the defendants.
The defendants, however, argue that the plaintiff did not comply with the contract, and/or change orders. That the contract specifically forbade modifications that were not in writing and signed by both parties.
In addition, the defendants contend that the workmanship was inferior and not of the quality that was comparable to workmanship they could expect in the area. Further, that some work and materials claimed as performed by the plaintiff were actually performed by others and paid for by the defendants.
The court finds that the parties entered into a written agreement executed by both plaintiff and the defendants. (Exhibits A and B). That during the course of the construction various changes and modifications were made. That some of these changes were made at the defendants' orders, others were made by the plaintiff without the defendants' approval.
As to the various changes and/or modifications, the court finds that the parties' contract permitted the defendants the option of choosing the item to be installed by viewing it at the supply house chosen by the plaintiff However, this option created problems since the plaintiff had outstanding arrangements with the suppliers as to the price range of the items to be supplied to the defendants. Prices above that range would be considered by the plaintiff as an extra to be paid for by the defendants over and above the contact price. This arrangement worked as between the plaintiff and the supplier but left the defendants in the situation of not CT Page 811 knowing what was an acceptable price range to the plaintiff and whether it conformed to the contract between the parties. The defendants', first inkling of what the plaintiff considered an extra priced item was when a billing was presented to the defendants, after the house was built.
The parties also subsequently agreed at various times during the construction period to changes and modifications. That these changes were understood by the parties to be part of the original contract price where it did not result in additional costs to the plaintiff Where these costs were additional to the original contract price, then the defendants would pay the addition. It was also assumed that these additional costs would be reasonable and that the defendants would be made aware of them by the plaintiff
The items and extra payments which the plaintiff seeks and which are disputed by the defendants are as follows, together with the court's determination as to the validity of each party's claim.
Items that relate directly to the parties' contract, (Exhibits A and B), and the oral agreements of the parties that resulted in additional costs of construction:
Contract price — $ 175,000.00
Additional costs agreed to by the parties per written change orders and stipulation of the parties:
 Exterior wall studding — $ 2,000.00 Brick facing — 8,697.00 Elliptical windows — 3,200.00 Cabinets 2,598.00 ------------ $ 16,495.00
Extra items determined by the court to have been ordered by the defendants, or accepted by them, at a cost then prevailing in the area. Thus, the court finds that the following items are such extra cost items with the reasonable cost as set out by the court:
 Front door $ 3,978.00 Siding $ 750.00 Chimney covers $ 120.00 Electrical fixtures $ 2,595.00 Additional oil tank $ 600.00 Garage door openers $ 574.00 Hardwood floors $ 6,543.00 CT Page 812 Shower doors, racks, etc. $ 1,872.00 Radon pipe $ 1,032.00 ------------ $ 18,064.00
The court further finds that the plaintiff is not entitled to receive payment under the parties' contract for poor workmanship, incomplete work and/or for work performed by sub contractors picked by and paid for by the defendants. These items are set out as follows:
 Landscaping $ 3,775.00 Air conditioning equipment $ 958.00 Remedying moisture and $ 1,000.00 humidity problems Tile reinstallation $ 1,311.00 ------------ $ 7,044.00
To summarize these financial findings:
 Contract price $ 175,000.00 Extras stipulated to $ 16,495.00 Extras found by the court $ 18,064.00 ------------
$ 209,559.00
 Previously paid $ 115,000.00 Price reductions $ 7,044.00 ------------
 $ 122,044.00 ------------
Due to Plaintiff $ 87,515.00
The court further finds for the plaintiff on its allegations that it furnished materials and rendered labor in the construction improvements to the defendants' property under an agreement by or with the consent of the defendant owners on or about June 17, 1998. That on February 16, 1999, the plaintiff filed a certificate of mechanic's lien, duly executed, with the Town Clerk of the Town of Berlin, and recorded in Volume 417, Page 280 of the Berlin Land Records.
Wherefore, it is the judgment of the court that there is due and owing to the plaintiff from the defendants the sum of $87,515.00, for the CT Page 813 improvements to the defendants' property made by the plaintiff, and that the defendants shall pay to the plaintiff said sum with interest from the date hereof, on or before April 26, 2002; otherwise, the defendants, their heirs and assigns shall be barred and foreclosed of all equity to redeem the premises above described.
The court denies the plaintiffs application for prejudgment interest on the monies determined by the court to be due and owing by the defendants to the plaintiff. The court has determined that the defendants had a legitimate difference of opinion from that of the plaintiff as to the amount owed to the plaintiff Also, the defendants presented an offer of judgement to the plaintiff to resolve the dispute. This was rejected by the plaintiff Further, the amount of the judgement in the plaintiff's favor is less than the proffered sum.
The court also denies the plaintiffs application for attorney's fees, for the reasons set out in the above paragraph.
It is so Ordered.
Kremski, J.T.R.